## LEDOUX et al. *v.* SMITH.

Though a writ of provisional seizure was illegally issued, and the illegality was alleged in the answer, yet, if no application was made to the court below to quash the proceedings under the writ, and there was no action of the court upon it, the illegality cannot be considered on appeal.

APPEAL from the District Court of St. Mary, *Overton*, J. *Olivier*, for the plaintiffs. *Splane*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. This is an action to recover the amount of certain advances for supplies to the defendant's plantation, made in the year 1844. The plaintiffs took

out a writ of provisional seizure, under which a quantity of sugar, forming part of the crop of that year, on which the plaintiffs claimed a privilege by virtue of the act of 1843, amendatory of article 3184 of the Code, was seized. The plaintiffs had judgment for the amount of their debt and interest, giving them also the privilege claimed by them on the sugar provisionally seized, or the proceeds thereof, and directing the sheriff to pay over the same to the plaintiffs, in satisfaction of the debt, interest and costs. The defendant has appealed.

We think the debt is established by sufficient evidence, and that it bears a privilege, under the proper construction of the act of 1843 and article 3184 of the Code. *Welsh* v. *Barrow*, 3 An. 133. *Farrar* v. *Rowley*, 3 An. 276.

It is argued that the plaintiffs had no right to the writ of provisional seizure, in the authority of the case of *Smith* v. *Smith*, 2 An. R. 448. No application was made in the court below to quash the proceedings under the writ; and, although the objection to the issuing of the writ was contained in the defendant's answer, no action of the court was had upon it; and we are not at liberty to consider the subject on the appeal.

The sugar was seized by the sheriff, on the 7th day of February 1845, and, on the fourth day of April ensuing a bond appears to have been executed by the defendant, with *Henry C. Dwight* as his surety, the condition of which was, to to deliver the sugar to the sheriff whenever called upon to pay the amount adjudged to be due by the defendant to the plaintiffs, by privilege, as obtained by them. The sheriff held 150 hogheads of sugar under several writs against *Smith*, and, it seems, the day after the execution of this bond, it was sold under an execution issued by the Union Bank, and *Dwight* became the purchaser. Of this lot that part effected by the plaintiffs's seizure, formed a part. The sale was for cash, and, as the defendant is the sole appellant, we can perceive no objection to the judgment of the District Court as it now stands.

*Judgment affirmed.*